IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE OAKS APARTMENTS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0068-P |
| | § | |
| CAMEKA LAWTON AND ALL OTHER OCCUPANTS | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is a forcible detainer action brought by The Oaks Apartments against Cameka Lawton and all other occupants of 4628 Pioneer Road, Apartment No. 8, Balch Springs, Texas, seeking to evict defendants from the premises for non-payment of rent. Plaintiff originally filed suit in Texas state court. On January 11, 2011, Lawton, who is proceeding *pro se*, removed the case to federal court on two grounds -- federal question jurisdiction and diversity jurisdiction. After reviewing the notice of removal and the state court papers, the court *sua sponte* determines that removal is improper.

Although Lawton alleges that plaintiff asserts a cause of action under 15 U.S.C. § 1681, *et seq.*,[1] (*see* Not. of Rem. at 2, ¶ 4), nothing in the complaint supports that conclusion. Instead, plaintiff sues Lawton and the other occupants of her apartment to recover possession of the premises and to collect $3,170 in past due rent. (*See id.*, Exh. D at Page ID 17 & Exh. I at Page ID 24-27). There is no cause of action arising under federal law.

---

[1] The federal statute referenced by Lawton is the Fair Credit Reporting Act.

Nor can Lawton remove this case to federal court based on diversity of citizenship. The federal removal statute, 28 U.S.C. § 1441(b), provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Under the plain language of section 1441(b), an action may not be removed on the basis of diversity if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. Here, Lawton is a citizen of Texas--the same state where plaintiff filed the underlying action. Even if the statutory requirements of federal diversity jurisdiction are met,[2] Lawton cannot remove the case to federal court.

## RECOMMENDATION

The court should *sua sponte* remand this case to the County Court at Law No. 2 of Dallas County, Texas.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[2] The court questions whether plaintiff and Lawton are citizens of different states, and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE